*The final accounting in the Estate of* JAMES ROBINSON.

THE testator gave the use of his whole property and estate to his two daughters, his only next of kin and heirs-at-law, and to the survivor for life, with remainder to their children surviving them. There was no provision for their failure to leave children. Neither married, and on the death of both, childless, *Held*, that her executor took the estate, and not the brothers and sisters of the testator.

WETMORE & BOWNE, *for Executors of James Robinson.*

THE testator left two daughters, both of whom died afterwards, without issue. The question upon the final accounting of the executors was, to whom should the property and estate be paid over. The following was the will:

I, James Robinson, of the city of New York, do make, publish and declare this to be my last will and testament, in manner following, that is to say:

*First.* I order and direct all my just debts, funeral and testamentary expenses to be paid by my executors, hereinafter named, in a reasonable time after my decease.

*Second.* I give, devise and bequeath unto my two daughters, Eliza Jane and Susan Maria, for and during their natural lives, the rent, income and profits of all the property, real and personal, of which I may die seized

or possessed, equally, share and share alike. In case, however, of the death of one of my said daughters, without issue her surviving, then it is my will that the survivor should take the whole rent, income and profits of my said property and estate, for and during her natural life.

*Third.* It is my will, and I order and direct, that upon the decease of my said two daughters, or either of them, my said executors, the survivor or successor, shall pay over and transfer all my said property and estate to the children of such deceased daughter or daughters, that is to say, to the children of each daughter the one equal half part of my said property and estate, absolutely; provided, however, in case of the death of either of my daughters without issue her surviving, then and in that case, the children of the daughter so surviving shall be entitled to and shall receive the whole of my said property and estate, absolutely.

*Fourth.* I hereby nominate, constitute and appoint my friends, Ephraim D. Brown and Christopher Ryes, both of the city of New York, and the survivor, or whichever of them takes upon himself the execution of this my said will, executors or executor of this my last will and testament, and guardians of the persons and estate of my said two daughters, until they shall have arrived at their majority.

*Fifth.* I hereby authorize and empower my said executors, or the survivor or successor, in their discretion, to sell the whole or any part of my real estate, at public or private sale, for cash, or part cash and part secured by bond and mortgage on the premises sold; and to sign, seal, execute and deliver to the purchaser or purchasers thereof good and sufficient deeds or conveyances, vesting the fee simple in the purchaser or purchasers.

*Sixth.* And it is my will that they invest the proceeds of such sales, and of my other property, as they convert the same into money, in bond and mortgage, secured upon

real estate, in fee simple, with full power to satify, discharge and release said mortgages from time to time, and to re-invest the moneys again as aforesaid.

*Seventh.* I further authorize and empower my said executors, the survivor or successor, to keep the buildings and houses on any part of my property in good, tenantable repair, and to keep the same insured, and to expend and disburse for the said purposes such sums as they may deem proper.

*Eighth.* I order and direct my said executors, the survivor or successor, out of the income of my said estate and property to pay to my brother, Alexander Robinson, one hundred dollars per annum for and during his natural life; and, also, the further sum of one hundred dollars per annum to my sister, Mary Boyd, for and during her natural life, upon her sole and separate receipt, and free and discharged from the control or debts of her husband; and also the further sum of one hundred and fifty dollars per annum to Margaret Sommerville for and during her natural life; such annuities to be payable annually or semi-annually, in the discretion of my executors, and to commence eighteen months after my decease.

*Ninth.* I authorize and empower my said executors, the survivor or successor, to collect and receive the rents, income and profits of my estate and property, and to hire out and rent to tenants the whole or any part of my said estate for such reasonable time as they may deem best, and to remove tenants therefrom, for non-payment of rent.

*Tenth.* I hereby revoke all other wills and codicils, by me at any time heretofore made, and do declare this to be my last will and testament.

In witness whereof I have hereto set my hand and seal this twenty-first day of May, 1858.

JAMES ROBINSON. [L. S.]

Signed, sealed, published and declared by the testator,

James Robinson, as and for his last will and testament, in the presence of us, who at his request and in his presence, and in the presence of each other, have hereto subscribed our names as witnesses.

JOHN McCAHILL, 98 Seventh St., N. Y.
CORNELIA FOSTER, 12 Livingston Place, N. Y.

THE SURROGATE. The executors have rendered their accounts, which have been settled, and they are ready to pay over and deliver to the parties entitled, the estate and property remaining in their hands. The Surrogate is called upon to decide who these parties are.

The property and estate of the testator are claimed

1st. By the executors of the last will and testament of the last surviving daughter of the testator.

2d. By the brothers and sisters of the deceased.

The testator left two daughters, his only issue surviving, and who were his next of kin and heirs-at-law. Had he died intestate, his property, both real and personal, would have descended and been distributed to them.

The will gave the use of his whole property to these daughters, and to the survivor of them, for life, and upon the decease of these daughters, to their children. In case of the death of either, without issue surviving, then the children of the surviving daughter to take the whole estate.

The testator provided for the contingency of his daughters leaving issue at their respective deaths. But he made no provision for the contingency of both daughters dying without issue surviving them. And the will is silent as to the happening of such an event.

This latter contingency has happened. Both daughters of the testator have died, without either having ever married. The last survivor has made a will whereby she disposes of the whole property; which will has been admitted to probate, and under which will her executor claims.

The limitation of the remainder of the estate to the children of the daughters, was a contingent remainder, so long as they had no children. The reversion expectant upon the contingency contemplated, had it happened, would have vested at once. It never did happen, and the testator has made no disposition of the remainder.

It results, that the reversion, not being disposed of, descended to the heirs of the testator at the time of his death. These were his two daughters.

"If a contingent remainder be created in conveyances, or by disposition by will, the inheritance, in the meantime, if not otherwise disposed of, remains in the grantor, or descends to the heirs of the testator, until the contingency happens; this general and equitable principle is of acknowledged authority." (4 *Kent Com.*, 257; *Purefay* v. *Rogers*, 2 *Sand. R.*, 380; *Wood* v. *Keys*, 8 *Paige R.*, 365.)

The estate must vest somewhere; there can be no abeyance; and it can vest only in the heirs at law of the testator, upon whom the property and estate is cast, at the moment of the testator's death.

The same principle precisely would be applicable, if it be considered that the property of the testator, being given to trustees, vested in them as trustees. The testator has made no disposition of the remainder at the death of his daughters; there is a resulting trust in favor of those who were his next of kin and heirs at law at the time of his death, and these were his daughters. (*Wood* v. *Keys, ut supra.*)

Under either aspect of the case the daughters were entitled, and these executors must account to the executor of the survivor.